UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBRA MEADE,

        Plaintiff,

v.

HUNTER WARFIELD, INC.,

        Defendant.

Civil Action No.:

# COMPLAINT
(Jury Trial Demanded)

Plaintiff, Debra Meade ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendant, Hunter Warfield, Inc., ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2. Venue in this Court is proper because Plaintiff resides within the Southern District of New York and the events and/or omissions giving rise to the claims stated herein occurred within the Southern District of New York.

## NATURE OF THIS ACTION

3. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendant for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*. [hereinafter "FDCPA"]).

**THE FDCPA**

4. The FDCPA regulates the behavior of debt collectors attempting to collect debts on behalf of others or on their own behalf in the name of another. In enacting the

FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).  Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. §1692(b).  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(e).

5. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties.  The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692*k*. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6. The FDCPA is a strict liability statute that provides for actual and statutory damages upon the showing of one violation. The Second Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th

Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

7. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

## **PARTIES**

8. Plaintiff is a natural person residing in Queens, New York.

9. Plaintiff is a consumer as that term is defined by §1692 (a)(3) of the FDCPA, and according to Defendant, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. § 1692*a*(5).

10. Upon information and belief, Defendant is a Maryland corporation, authorized to do business in the state of New York with offices located 1209 orange St., Wilmington DE, 19801.

11. Upon information and belief, Defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

**FACTS**

12. At a time better known to Defendant, Defendant commenced the attempted collection of a consumer debt (the "Alleged Debt"), allegedly owed by Plaintiff to non-party HSNI, LLC ("HSNI").

13. The Alleged Debt arose out of a transaction or transactions which were primarily for personal, family, or household purposes.

14. On August 30, 2017, Plaintiff filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. of in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

15. In her bankruptcy petition, Plaintiff scheduled, among other things, the Alleged Debt owed to HSNI and notice of her bankruptcy case was duly and properly served on all of Plaintiff's known creditors including HSNI.

16. At no time was the Alleged Debt deemed to be non-dischargeable.

17. At no time was the Alleged Debt reaffirmed.

18. On May 9, 2017, Plaintiff was granted a discharge by the Bankruptcy Court.

19. On or after January 16, 2018, Plaintiff received a debt collection letter (the "Debt Collection Letter"), a "communication" as defined by 15 U.S.C. §1692a(2), from Defendant, on behalf of HSNI, attempting to collect the Alleged Debt.

20. Services are readily available to easily and automatically review consumer accounts by name, address and/or social security number to ensure that accounts may be disqualified from active collection efforts due to the fact that a consumer debtor has sought and obtained a discharge of liability in bankruptcy.

4

21. "Scrubbing" debt portfolios for bankruptcies is inexpensive and is an industry standard to assure compliance with the FDCPA. *See, e.g.,* ACA International Statement on the Buying and Collecting of Bankrupt Debt, released November 7, 2007 (available at http://www.acainternational.org/?cid=11398). ("ACA members 'scrub' accounts through nationally known databases to remove any bankruptcy filings.") "Scrub" services are available through the Internet. See, http://www.phinsolutions.com; and http://www.banko.com.

22. Despite the above, in the Debt Collection Letter, Defendant continued to demand payment from Plaintiff on the Alleged Debt.

23. Defendant failed to implement or follow any effective procedures to eliminate improper contacts with Plaintiff, as a consumer debtor in a bankruptcy proceeding.

24. Upon information and belief, at all times relevant hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

25. Upon information and belief, at all times relevant hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

26. As a direct and proximate cause of Defendant's wrongful debt collection activities, Plaintiff has suffered humiliation, distress, depression and anxiety. The threat

to Plaintiff's financial wellbeing and further harm to is credit are serious sources of emotional distress for Plaintiff.

27. Plaintiff has suffered and continues to suffer mental anguish and emotional distress resulting in actual damages as a consequence of Defendant's unlawful conduct.

28. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress frustration and embarrassment.

29. Through is bankruptcy discharge, Plaintiff intended to have the preverbal "fresh start". Defendant's wrongful conduct detailed herein has been incredibly trying on Plaintiff causing is to relive the financial distress she intended to leave behind.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FDCPA**
**(FDCPA - 15 U.S.C. § 1692 *et. seq*.)**

30. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

31. Defendant's conduct as described in this Complaint violated provisions of the FDCPA.

32. By taking consumer debt collection actions against Plaintiff, including but not limited to, attempting to collect a debt discharged in bankruptcy, Defendant violated the FDCPA in, *inter alia*, the following ways:

    (a) Falsely stating the character, amount, and legal status of the Alleged Debt - 15 U.S.C. §1692e(2)(A);

    (b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff - 15 U.S.C. §1692d;

    (c) Falsely threatening to take action that cannot legally be taken or that is not intended to be taken - 15 U.S.C. §1692e(5);

      (d)      Making false representations and using deceptive means to collect or attempt to collect the Alleged Debt - 15 U.S.C. §1692e(10);

      (e)      Attempting to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law - 15 U.S.C. §1692f;

      (f)      Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. §1692e;

      (g)      Otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt -15 U.S.C. §1692f.

33. As a result and consequence of Defendant's violations of the FDCPA alleged herein, Plaintiff has been injured and is thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff seeks judgment in is favor and damages against Defendant, based on the following requested relief:

      (a)      Actual damages 15 U.S.C. § 1692k(a)(1);

      (b)      Statutory damages 15 U.S.C. § 1692k(a)(2);

      (c)      Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

      (d)      Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
       July 19, 2018

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:_____
**ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906
rjn@nahoumlaw.com